UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CALVIN F. ROBINSON,

       Plaintiff,

v.

REPUBLIC SERVICES,
DAVE (Last Name Unknown), and
DERRICK McNEAL,

       Defendants.
_____/

Case No. 2:24-cv-12754
District Judge Linda V. Parker
Magistrate Judge Anthony P. Patti

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION TO DISMISS FOR FAILURE TO SHOW CAUSE

**I.     RECOMMENDATION**: The Court should dismiss both claims presented in Plaintiff's complaint and close this case.

**II.    REPORT:**

    **A.  Background**

Plaintiff Calvin F. Robinson brings this employment discrimination lawsuit *in pro per* against Defendants Republic Services, Dave (Last Name Unknown), and Derrick McNeal.  (ECF 1.)  Plaintiff alleges that Defendants violated Title VII of the Civil Rights Act of 1964 (42 U.S.C. §§ 2000e to 2000e-17) and 42 U.S.C. § 12203 ("Prohibition against retaliation and coercion").  (*Id.*, PageID.4.)

The Court has granted Plaintiff's 28 U.S.C. § 1915 application to proceed without prepaying fees or costs (ECF Nos. 2, 4) and awaits completed service documents from Plaintiff (ECF No. 5).

**B. Analysis**

This case was referred to me for pretrial matters. (ECF No. 6.) Having reviewed Plaintiff's complaint, the Court had at least three concerns, which it set forth in its October 28, 2024 Order to Show Cause. (ECF No. 8.) The Court noted as follows:

First, Plaintiff alleges a violation of 42 U.S.C. § 12203 ("Prohibition against retaliation and coercion") (ECF No. 1, PageID.4); yet, this statute falls within the Americans with Disabilities Act, which is codified at 42 U.S.C. §§ 12101-12213. Thus, Plaintiff's reliance on Section 12203 to support a claim of retaliation seems misplaced where Plaintiff alleges discrimination on the bases of race and color. (ECF No. 1, PageID.5-6.)

Second, in his statement of claim, Plaintiff describes the alleged discriminatory acts as having occurred on or about August 22 and August 28, 2024, as well as on September 5, September 11, and September 13, 2024, and he claims Defendants "is/are still committing these acts against [him]." (*Id.*, PageID.5.) However, within the complaint's "exhaustion of federal administrative remedies" section, Plaintiff alleges that, to the best of his recollection, on May 18,

2

2024 he filed his EEOC charge regarding Defendants' alleged discriminatory conduct. Thus, his alleged EEOC charge filing date *precedes* the alleged August 2024 and September 2024 discriminatory acts. As such, Plaintiff's pleading calls into question whether he filed an EEOC charge *as to the alleged discriminatory conduct forming the basis of his Title VII claim*.

Third, Plaintiff alleges the EEOC *has not* issued a Notice of Right to Sue letter (*id.*, PageID.7); thus, Plaintiff's pleading calls into question whether he has exhausted his administrative remedies with respect to the alleged discriminatory conduct forming the basis of his Title VII claim.

The Court thus required that Plaintiff show cause, in writing, as to why: **(1)** his 42 U.S.C. § 12203 retaliation claim should not be dismissed as improper; and, **(2)** his Title VII discrimination claim should not be dismissed without prejudice for failure to exhaust federal administrative remedies. (ECF No. 8, PageID.22.) The Court set a deadline for a response as November 13, 2024, and mailed the order to Plaintiff's address of record. It is now one week past the deadline to show cause, and Plaintiff has wholly failed to respond to the Order to Show Cause.

As such, for the reasons stated in the Court's October 28, 2024 order, I **RECOMMEND** that the Court **(1) DISMISS** as improper Plaintiff's 42 U.S.C. § 12203 retaliation claim; and, **(2) DISMISS WITHOUT PREJUDICE** Plaintiff's Title VII discrimination claim for failure to exhaust federal administrative

remedies.  As this recommendation would dismiss both claims presented in Plaintiff's complaint, I **FURTHER RECOMMEND** that the Court close this case.

### III. PROCEDURE ON OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140, 144 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," and "Objection No. 2," *etc*.  Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.  Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity.  Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d).  The response must specifically address each issue raised in the objections,

in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," *etc*. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Dated: November 21, 2024

Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE